**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Thonars McGEE, Defendant–
Appellant.**

**No. 12–50119.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2013.*

Filed Aug. 1, 2013.

Curtis A. Kin, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Fred W. Slaughter, Assistant U.S., AUSA–Office of the U.S. Attorney Santa Ana Branch Office, Santa Ana, CA, for Plaintiff–Appellee.

William S. Harris, Law Offices of WM. S. Harris, South Pasadena, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

John Thonars McGee appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to modify a sentence under section 3582(c)(2). *See United States v. Pleasant*, 704 F.3d 808, 810 (9th Cir.2013). We affirm.

McGee contends that he is eligible for a sentence reduction under Amendment 750 to the Guidelines, which lowered the offense levels for crimes involving cocaine base under U.S.S.G. § 2D1.1. McGee acknowledges that the district court calculated his advisory range under U.S.S.G. § 4B1.1, the career offender guideline, and that career offenders are not eligible for a sentence reduction under section 3582(c)(2). *See United States v. Wesson*, 583 F.3d 728, 731–32 (9th Cir.2009). He contends, however, that he is entitled to a reduction because the court relied in part on U.S.S.G. § 2D1.1 in varying downward. The record reflects that the court did not rely on U.S.S.G. § 2D1.1 in varying downward. Even if it had, a reduction in McGee's sentence would not be consistent with U.S.S.G. § 1B1.10(a)(1), which establishes that the applicable Guidelines range is the pre-departure and pre-variance Guidelines range. *See* U.S.S.G. § 1B1.10 cmt. n. 1(A) (2011); *Pleasant*, 704 F.3d at 812. Accordingly, the district court lacked authority to reduce McGee's sentence. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.